**FIELDS PRODUCTIONS, INC.,**
**Plaintiff,**

v.

**UNITED ARTISTS CORPORATION,**
**Defendant.**

**No. 68 Civ. 198.**

United States District Court,
S. D. New York.

Nov. 28, 1969.

Herman Odell, New York City, for plaintiff.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendant; Paul Martinson, David G. Miller, New York City, of counsel.

McLEAN, District Judge.

Defendant moves for judgment on the pleadings dismissing this private treble damage antitrust action. The question is whether plaintiff has standing to sue.

The complaint, which is deemed to be true for the purposes of this motion, can be briefly summarized. In September 1956, defendant agreed to finance and

distribute a motion picture produced by plaintiff. The agreement provided in substance that defendant would not "block book" the picture, *i. e.*, it would not require an exhibitor, as a condition of obtaining a license to exhibit plaintiff's picture, to agree to accept a license for other pictures distributed by defendant. In breach of this agreement, defendant did block book plaintiff's picture in licensing it for exhibition on television. Defendant received $4,616,432 from licensing a block of forty pictures, including plaintiff's. Defendant "arbitrarily allocated" to plaintiff's picture the sum of $196,495 as its share of the total. This sum was at least $400,000 less than the fair value of the television rights in plaintiff's picture. Defendant's block booking violated the antitrust laws and also contravened a decree entered by this court against defendant in 1963 in a government antitrust suit, United States v. United Artists Corporation, Civil Action No. 119–288. By reason of defendant's unlawful conduct, plaintiff has been damaged in the sum of at least $400,000, which is to be trebled, so that plaintiff is entitled to recover $1,200,000 plus costs and attorneys' fees.

■ I wrote at some length on the subject of standing to sue in private treble damage actions in SCM Corporation v. Radio Corporation of America, 276 F.Supp. 373 (S.D.N.Y.1967), aff'd, 407 F.2d 166 (2d Cir. 1969), cert. denied, 395 U.S. 943, 89 S.Ct. 2014, 23 L.Ed.2d 461 (1969). It is unnecessary to repeat all that I said there. In essence, the principle is that in order to have standing to sue for damages sustained "by reason of" defendant's violation, the injury which plaintiff suffered must have been direct rather than incidental. Plaintiff must have been in the "target area" of the violation.

■ It is clear that the block booking of motion pictures for exhibition on television contravenes Section 1 of the Sherman Act. United States v. Loew's Incorporated, 371 U.S. 38, 83 S.Ct. 97, 9 L.Ed.2d 11 (1962). See also United States v. Paramount Pictures, Inc., 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260 (1948).

■ Block booking is a form of tying agreement. The reason that a tying agreement violates Section 1 is that it injures buyers and competitors of the seller. As applied to licensing motion pictures, this means that the block booking injures the television stations who are compelled to accept motion pictures that they do not want and it also injures other distributors who are deprived of an opportunity to license their pictures to television stations who have been forced to accept defendant's pictures. United States v. Loew's Incorporated, 371 U.S. at 45, 83 S.Ct. 97. It is thus the television stations and the other distributors who are in the "target area." If the block booking in fact causes any injury to the producer of the pictures which are thus block booked, that injury is only incidental.

Moreover, in this case it is difficult to see how the block booking could have caused injury to plaintiff, incidental or not. Plaintiff's grievance seems to be that it was not allocated a fair share of the total receipts from the block. The cause of plaintiff's damage, therefore, was the improper allocation, not the block booking. This may be a breach of contract, but it is not a violation of the antitrust laws. Plaintiff is already suing defendant for breach of contract, initially in this court and now in the state court. That would seem to be plaintiff's proper remedy. I can see no justification for trebling any damages to which plaintiff may be entitled.

Defendant's motion is granted.

So ordered.